**STATE OF WEST VIRGINIA**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HERMAN MAYNARD JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0710**  (BOR Appeal No. 2051034)
(Claim No. 2015010619)

**ROCKSPRING DEVELOPMENT, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Herman Maynard Jr., by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockspring Development, Inc., by Marion Ray, its attorney, filed a timely response.

The issue presented in the instant appeal is the rejection of Mr. Maynard's claim for workers' compensation benefits. On October 28, 2014, the claims administrator rejected the claim. The Office of Judges affirmed the claims administrator's decision in its Order dated December 15, 2015. This appeal arises from the Board of Review's Final Order dated June 27, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Maynard alleges that he injured his left knee in the course of and resulting from his employment as a beltman on May 7, 2014. Mr. Maynard initially sought medical treatment at Logan Regional Medical Center on May 18, 2014. It was noted that Mr. Maynard reported experiencing left knee pain after his left knee "popped" while he was at work. He further indicated that his left knee has "popped" in a similar manner "hundreds of times" in the past. The treatment notes also indicated that Mr. Maynard's symptoms began on May 14, 2014, and are not

1

associated with a known injury. He was diagnosed with a cruciate ligament strain, possible cruciate ligament tear, and joint effusion. A left knee MRI performed on May 27, 2014, revealed an avulsion fracture of the tibial spine at the distal attachment to the anterior cruciate ligament, a small tear of the posterior portion of the lateral meniscus, and a partial-thickness tear of the quadriceps tendon.

Mr. Maynard was evaluated by Robert McCleary, D.O., on May 21, 2014. Dr. McCleary noted that Mr. Maynard reported experiencing a popping sensation in his left knee while working on May 14, 2014. He further noted that the mechanism of injury was a twisting-type injury. Dr. McCleary diagnosed Mr. Maynard with left knee derangement. On June 19, 2014, Mr. Maynard was evaluated in the office of Charles Giangarra, M.D. It was noted that Mr. Maynard reported a six-week history of left knee pain after experiencing a popping sensation in his left knee while negotiating a step. Mr. Maynard was diagnosed with an avulsion fracture of the left tibial spine with associated laxity in the anterior cruciate ligament. On August 20, 2014, Dr. Giangarra arthroscopically repaired Mr. Maynard's anterior cruciate ligament and lateral meniscus.

On August 28, 2014, Mr. Maynard completed a Report of Injury. In the report, Mr. Maynard alleges that he injured his left knee on May 7, 2014, when he slipped while walking along a beltline and bumped his knee on a portion of the apparatus. He further indicated that mine inspector A.J. Ball witnessed the alleged incident, and that he immediately reported the alleged injury to three coworkers. However, in the physician's portion of the report, Dr. Giangarra indicated that Mr. Maynard injured his left knee when he experienced a popping sensation while negotiating a step. The claims administrator rejected Mr. Maynard's application for workers' compensation benefits on October 28, 2014.

In an affidavit dated July 6, 2015, Eric Varney, Rockspring Development's safety representative, averred that all of Rockspring Development's employees have been instructed to report all injuries to him. He further stated that neither Mr. Maynard nor any of his coworkers or supervisors ever reported the alleged left knee injury. Mr. Varney noted that Mr. Maynard identified Mr. Ball as a witness; however, Mr. Varney stated that if Mr. Maynard did sustain an injury while Mr. Ball was performing an inspection, he would have also witnessed the injury because he accompanied Mr. Ball during the course of the inspection. Mr. Varney then stated that he contacted Mr. Ball regarding the alleged injury. Mr. Varney indicated that Mr. Ball did not recall witnessing any incident during which Mr. Maynard injured his knee.

Finally, Mr. Maynard testified in a hearing before the Office of Judges on August 4, 2015. He indicated that he injured his left knee on May 7, 2014, when he slipped and struck his knee while walking along a beltline. Mr. Maynard then testified that Mr. Ball witnessed the alleged injury and that he verbally reported the alleged injury to Mr. Ball. He also stated that he immediately reported the injury to four coworkers. Finally, Mr. Maynard testified that he has never experienced any discomfort in his left knee prior to the alleged injury.

In its Order affirming the October 28, 2014, claims administrator's decision, the Office of Judges held that Mr. Maynard has failed to establish that he sustained an injury in the course of and resulting from his employment. The Board of Review affirmed the reasoning and

conclusions of the Office of Judges in its decision dated June 27, 2016. On appeal, Mr. Maynard asserts that the evidence of record demonstrates that he sustained an injury in the course of and resulting from his employment.[1]

The Office of Judges concluded that the evidence of record contains too many inconsistencies to support a finding of compensability. The Office of Judges pointed out that Mr. Maynard initially reported experiencing a popping sensation in his left knee with no associated injury when seeking treatment on May 18, 2014, at Logan Regional Medical Center. The Office of Judges further noted that Mr. Maynard reported experiencing a popping sensation in his left knee numerous times in the past, with the most recent occurrence being four days after the alleged date of injury. Additionally, the Office of Judges noted that Dr. McCleary's May 21, 2014, report indicates both that Mr. Maynard experienced pain following a popping sensation in his left knee and that he sustained a twisting-type knee injury during a fall. The Office of Judges also noted that in the Report of Injury, Mr. Maynard indicated that he injured his left knee when he slipped and bumped his knee. However, in the same report Dr. Giangarra indicated that Mr. Maynard injured his left knee when he experienced a popping sensation while negotiating a step. The Office of Judges then found that the medical evidence of record fails to demonstrate that the popping sensation described by Mr. Maynard is representative of a work-related injury. Moreover, the Office of Judges took note of Mr. Varney's affidavit and Mr. Maynard's testimony before the Office of Judges. Specifically, the Office of Judges noted that neither Mr. Varney, who would have witnessed the alleged incident had it occurred, and Mr. Ball, who was named by Mr. Maynard as a witness to the alleged injury, witnessed or was aware of the alleged injury prior to the filing of the claim. Finally, the Office of Judges found that although Mr. Maynard testified that he had no prior left knee symptoms, his medical record received from Logan Regional Medical Center clearly demonstrates that he experienced significant problems with the left knee prior to the alleged date of injury. The Office of Judges then concluded that when considering the varying accounts regarding the mechanism of injury, the evidence received from Logan Regional Medical Center citing no known mechanism of injury, Mr. Maynard's reports of prior left knee problems while seeking medical treatment at Logan Regional Medical Center, and the affidavit of Mr. Varney, the evidentiary record contains too many inconsistencies to support a finding of compensability. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[1] On appeal to this Court, Mr. Maynard also asserts that the alleged injury aggravated a pre-existing injury of the left knee. Pointing to our recent decision in *Gill v. City of Charleston,* 236 W.Va. 737, 783 S.E.2d 857 (2016), Rockspring Development asserts that any aggravation of a pre-existing injury that may have occurred is not compensable. However, we find that the record was insufficiently developed below in relation to the question of any possible pre-existing diagnosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker